**NOT FOR PUBLICATION**                                    **CLOSED**


### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

—————————————————————

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION NO: 03-233 (FSH) |
| STEVEN POSA and 18-22 SUMMIT | : | |
| ASSOCIATION, L.L.C., | : | |
| | : | |
| | : | **OPINION & ORDER** |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Date:   May 26, 2005 |
| | : | |
| CITY OF EAST ORANGE | : | |
| | : | |
| Defendant. | : | |

—————————————————————

**HOCHBERG, District Judge**

This matter arising under Plaintiffs' Motion for New Trial on Damages pursuant to Fed.

R. Civ. P. 59,[1] and the Court having considered the submissions of the parties in accordance with

Fed. R. Civ. P. 78, and for good cause, and

—————————————

[1]     Fed. R. Civ. P. 59(a) requires a new trial to be granted when the damages awarded
by the jury are so unreasonable as to be entirely disproportionate to Plaintiff's
injury.  The trial judge is obligated to uphold the jury's verdict if possible.  *Eiland
v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir. 1995) (holding that a new
trial on damages should be granted only when the amount of the verdict is so
unreasonable as to be entirely disproportionate to plaintiff's injury); *see also
Zarow-Smith v. New Jersey Transit Rail Ops.*, 953 F. Supp. 581, 591 (D.N.J.
1997).  The Third Circuit, in *Evans v. Port Authority of New York and New
Jersey*, 273 F.3d 346, 351-52 (3d Cir. 2001), held that a new trial is warranted
based "upon [a] showing that the 'jury verdict resulted from passion or prejudice."
*Evans*, 273 F.3d at 352 (quoting *Hurley v. Atlantic City Police Dept.*, 174 F.3d 95,
114 (3d Cir. 1999).

it appearing that the jury found Defendant failed to provide Plaintiffs with adequate notice and opportunity to be heard before rendering decisions regarding relocation assistance, temporary housing and moving expenses payments to allegedly displaced tenants and before imposing such charges against Plaintiffs' property as a lien, and

it appearing that the jury was instructed to award damages in the amount it determined was proximately caused by Defendant's deprivation of Plaintiffs' procedural due process rights, and

it appearing that the jury was instructed that Plaintiffs bore the burden of proving its damages, and

it appearing that Defendant put forth the testimony of Obed Prinville, Assistant Director of the Property Maintenance Department for the City of East Orange, to show that the lien against Plaintiff was imposed in accordance with N.J.A.C. 5:11-3:5 and was based on the valid calculations made as to each tenant for which relocation payments, and

it appearing that Defendant put forth testimony to show that $2,925.00 of the relocation payments were erroneously paid to non-tenants, and

it appearing that the jury awarded $3,066.00 in damages against the City of East Orange,[2] and

it appearing that the jury's verdict is not so unreasonable as to be entirely disproportionate to Plaintiffs' injury.

**IT IS** on this 26th day of May, 2005

**ORDERED** that Plaintiffs' Motion for a New Trial on Damages is **DENIED**, and it is further

**ORDERED** that the Order for Judgment entered on February 15, 2005 is amended to reflect that the jury awarded damages in the amount of $3,066.00.  Accordingly, the judgment in favor of Plaintiffs and against the City is amended to reflect $13,731.69,[3] plus costs of suit in the amount of $150.00 and prejudgment interest of $1,412.48, for a total judgment of $15,294.17.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.

---

[2]     The jury was asked and answered the following questions on its verdict sheet:

Q:     Were the City's actions a proximate cause of Summit's damages?
A:     Yes
Q:     Of the $59,989.31 that is currently being held by the City, what amount is Summit entitled to be reimbursed?
A:     $3,066.00

The jury's award of $3,066 approximates the sum paid by the City to individuals who were not tenants and therefore demonstrates the jury's intent to compensate Plaintiffs for the portion of the lien that was based on the City's erroneous relocation payments.

[3]     Defendant stipulated that the City would return $10,665.69 to Plaintiffs in addition to the jury verdict.