NOT FOR PUBLICATION                                                                                          CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN POSA and 18-22 SUMMIT ASSOCIATION, LLC., | : |
| Plaintiff, | : Civil No. 03-233 (FSH) |
| v. | : **OPINION** |
|  | : Date: September 7, 2005 |
| THE CITY OF EAST ORANGE | : |
| Defendants. | : |

**HOCHBERG, District Judge:**

**Introduction**

This matter comes before the Court upon Plaintiffs' Motion for Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988.

**Factual and Procedural Background**

On January 21, 2003, Plaintiffs 18-22 Summit Association, L.L.C. and Steven Posa (collectively "Plaintiffs") filed a Complaint under 42 U.S.C. § 1983 alleging a violation of their civil rights by Defendant City of East Orange.  Plaintiffs alleged that Defendant violated their procedural due process rights by improperly imposing relocation liens in the amount of approximately $131,500 against Plaintiffs' property, a 70-unit residential apartment building located at 18 Summit Street, East Orange, New Jersey.  Plaintiffs claimed that Defendant's conduct violated 42 U.S.C. § 1983 and New Jersey's Relocation Assistance Act, N.J.S.A. 20:4-4-

1

1, by: (1) unlawfully issuing relocation liens; (2) intentionally delaying the issuance of summons for hearings; and (3) refusing to allow Plaintiffs to enter and repair the property.  Plaintiffs claimed several million dollars in damages as a result of alleged lost profits from the devalued sale of the property, improper imposition of a $131,500.00 relocation lien, and the loss of a mortgage discount in the amount of $50,000.

After a four-day trial beginning on January 18, 2005, the jury returned a verdict in favor of Plaintiffs on their § 1983 claim with regard to the relocation liens[1] and awarded damages of $3,066.00.  In addition to the jury award, the parties had stipulated that $10,665.69 was owed by Defendant to Plaintiffs as an adjustment of the lien.  On January 20, 2005, the Court also ordered Defendant to discharge the relocation liens in the amount of $131,500.00, which had been paid in full.  Accordingly, on February 15, 2005, the Court entered judgment against Defendant and in favor of Plaintiffs in the amount of $15,294.17, which included the cost of filing the suit and pre-judgment interest.

Plaintiffs' counsel, R. James Kravitz, a partner in the law firm of Fox Rothschild LLP, submitted the present motion for attorneys' fees, costs and expenses in the amount of $115,901.28.  Mr. Kravitz states that he spent 230.60 hours litigating Plaintiffs' civil rights case.  Mr. Kravitz seeks compensation at a rate of $380.00 per hour and submitted detailed billing records for his time.  Mr. Kravitz also seeks reimbursement for fees charged by two special counsels, three associates and one paralegal at rates ranging from $130.00 to $295.00 per hour.  Mr. Kravitz's colleagues cumulatively spent 116.60 hours on this matter.

---

[1] A substantial portion of the claim for damages was dismissed as unduly speculative by the Court and not permitted to go to the jury.

In addition to attorneys' fees, Mr. Kravitz requests that $10,316.96 be awarded to compensate for costs associated with the litigation, including photocopies, facsimiles and messenger services. Mr. Kravitz submitted an affidavit and supporting invoices documenting all costs associated with the litigation.

**Discussion**

    **1.**    **Legal Standard**

Pursuant to 42 U.S.C. § 1988, the Court in its discretion may award the prevailing party reasonable attorneys' fees and costs incurred in litigating a claim under § 1983. 42 U.S.C. § 1988; *Tresdell v. PHA*, 290 F.3d 159, 163 (3d Cir. 2002). A plaintiff is a prevailing party if he succeeds on "any significant issue in litigation which achieved some of the benefit sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (holding that a party who has obtained an enforceable judgment as to the party against whom fees are sought is a prevailing party).

The prevailing attorney seeking compensation bears the initial burden of showing the reasonableness of the requested fees by "producing satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). A reasonable hourly rate is the prevailing market rate for the essential character and complexity of the legal services rendered. *Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 131 (3d Cir. 1999); *Planned Parenthood of Cent. New Jersey v. The Attorney General of the State of New Jersey*, 297 F.3d 253, 265 n.5 (3d Cir. 2002). "A district court may not set attorneys' fees based upon a generalized sense of what

is customary or proper, but rather must rely upon the record." *Coleman v. Kaye*, 87 F.3d 1491, 1510 (3d Cir. 1996); *see also Smith v. Philadelphia Housing Auth.*, 107 F.3d 223, 225 (3d Cir. 2001). The Third Circuit has held that "the starting point in determining a reasonable hourly rate is the attorney's usual billing rate." *Public Interest Research Grp. of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995). The court must exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Once the prevailing attorney satisfies her burden, the opposing party must "challenge, by affidavit or brief with sufficient specificity to give the fee applicant notice, the reasonableness of the requested fee." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). A fee petition must be specific enough for a court "to determine if the hours claimed are unreasonable for the work performed." *Planned Parenthood*, 297 F.3d at 270 n.6. Once the reasonable hourly rate has been determined, the Court, in its discretion, calculates the fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Planned Parenthood*, 297 F.3d at 265 n.5. This product is known as the "lodestar". *Id.*

The Supreme Court has noted, however, that the lodestar may "say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved. *Hensley*, 461 U.S. at 436; *Tx. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789-90 (1989). Thus, after the lodestar is calculated, the district court is obligated to exercise discretion in setting a reasonable fee award in cases where plaintiffs have not achieved complete success. *Hensley*, 461 U.S. at 435-36. In such cases, the district court shall give primary consideration to the amount of damages awarded as compared to the amount sought and then "may award low

fees or no fees." *Farrar*, 506 U.S. at 114-15 (noting that fee awards under § 1988 were not intended to produce windfalls to attorneys).

### 2. Prevailing Party

A prerequisite to an award of attorneys' fees under § 1988 is that the party seeking fees must have been "prevailing." *Hensley*, 461 U.S. at 433. After a four-day trial, the jury returned a verdict finding that Defendant City of East Orange violated Plaintiffs' civil rights. Defendant contends that Plaintiffs are not a prevailing party entitled to recover attorneys' fees because any money returned to Plaintiffs would have been credited or returned in the absence of this litigation, including the discharge of the $131,500.00 relocation liens. Defendant cites the testimony of Obed Prinville, Assistant Director of the Property Maintenance Department for the City of East Orange, to show that the lien against Plaintiffs was imposed based upon projected relocation payments and then was reduced when he determined that some claimants were not entitled to full payments. Further, Defendant claims that the jury's award of $3,066.00 was *de minimus*.

A party is deemed to have prevailed when they succeed on "any significant issue in litigation which achieved some of the benefit sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. at 433. The Supreme Court has held that "the *degree* of the plaintiff's success...[is] critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all." *Tx. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 (1989); *Farrar*, 506 U.S at 113-14 (holding that plaintiff who wins a judgment for damages in any amount, whether compensatory or nominal, is a prevailing party); *see also Schiffer Publ'g, LTD v. Chronicle Books, LLC*, Civil Action No. 03-4962, 2005 U.S. Dist. LEXIS 9996, *7-9 (May 25, 2005 E.D.

Pa.) (finding plaintiffs to be a prevailing party where jury awarded a fraction of damages sought and where plaintiffs prevailed on only one of five claims). In order to be considered a prevailing party within the meaning of § 1988, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant" *Tx. State Teachers*, 489 U.S. at 792; *Farrar*, 506 U.S. at 111-12 (finding plaintiff to be a prevailing party where he obtains only nominal money damages award or where he prevails on one of fifteen issues presented).

While Plaintiffs' recovery from the jury was significantly smaller than they sought, Plaintiffs are the prevailing party in this case. The jury returned a verdict finding that the City of East Orange violated Plaintiffs' civil rights and awarding $3,066.00 to Plaintiffs. Defendant put forth testimony of Obed Prinville to show that: (1) the lien against Plaintiff was imposed in accordance with N.J.A.C. 5:11-3:5, (2) the lien was based on the valid calculations made as to each tenant, and (3) $2,925.00 of the relocation payments were erroneously paid to non-tenants. Accordingly, the jury's award of $3,066.00 approximates the amount erroneously paid to non-tenants. Because the judgment materially altered the relationship of the parties and required Defendant to pay money damages to Plaintiffs, Plaintiffs are a prevailing party in accordance with § 1988.

    **3.    Hourly Rate**

Mr. Kravitz contends that his current billing rate of $380.00 per hour is reasonable based on his experience and skill at a trial litigator. In support of his fee application, Mr. Kravitz submitted the Certifications of James A. Mella, Robert A. Mintz, Ivan J. Punchatz and R. James Kravitz to show that the hourly rates charged by Mr. Kravitz and his colleagues are reasonable

and fair considering counsel's skill and experience. Further, these certifications provide specific and ample evidence that Mr. Kravitz's rate of $380 per hour is a "fair reflection of market rates" in New Jersey. *See Maldonado*, 256 F.3d at 184; *see also Blum*, 465 U.S. at 886; *Lanni v. New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 1999) (finding that courts must calculate fees based on the current market rate).

Defendant does not dispute that Mr. Kravitz's billing rate of $380 per hour is reasonable and fair nor has it offered any evidence that Mr. Kravitz or his colleagues charge their clients at a different rate. *Planned Parenthood*, 297 F.3d at 265 n.5. Defendants also do not contest the billing rates of Mr. Kravitz's Fox Rothschild colleagues. Based on the affidavits of Messrs. Mintz, Punchatz, Mella and Kravitz attesting to Mr. Kravitz's and his colleague's extensive experience and expertise, the Court finds that their billing rates are in line with the prevailing market rates for attorneys in New Jersey of comparable skill, experience and reputation. *Rode*, 892 F.2d at 1183, n.15.

4. **Number of Hours**

Once a reasonable hourly rate has been determined, the Court must calculate the number of hours to be awarded. Attorneys seeking fees must document the hours for which payment is sought "with sufficient specificity to allow the district court to determine whether the hours claimed are unreasonable for the work performed." *Evans*, 273 F.3d at 361 (*citing Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996)). In *Evans,* the Third Circuit held that billing records that include definite information as to hours devoted to particular activities such as discovery and settlement negotiations provide sufficient basis to determine whether the hours spent are reasonable. *Id.* The Third Circuit has mandated that the

district court conduct more than a cursory review of the billing records, and must "go line, by line" through the billing records supporting the fee request. *Id.* at 362-63; *Maldonado v. Houston*, 256 F.3d 181, 184 (3d Cir. 2001). Compensable activities include pre-litigation services in preparation of filing the lawsuit, background research and reading complex cases, productive attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing the favorable judgment, and even preparing and litigating the request for attorneys' fees. *City of Riverside v. Rivera*, 477 U.S. 561, 573 n.6 (1986); *Maldonado v. Houston*, 256 F.3d 181 184-85, 187 (3d. Cir. 2001); *see also Planned Parenthood*, 297 F.3d at 267 (holding that a party entitled to a fee award is also entitled to reimbursement for time spent preparing and litigating its fee application).

      Plaintiffs' counsel submitted an affidavit and supporting billing records showing that Mr. Kravitz spent 230.60 hours pursuing this litigation. His work included: (1) preparing the Complaint and discovery requests; (2) preparing for and conducting depositions; (3) writing a motion for summary judgment; (4) preparing for and conducting a four-day jury trial; and (5) drafting post-trial motions (including the motion for attorneys' fees). Burt Jaffe, a special counsel at Fox Rothschild provided 10.70 hours of assistance at the outset of the litigation. David Restaino, also a special counsel at Fox Rothschild, provided 23.70 hours of assistance on discovery matters. Anthony Argiropolous, a senior associate at Fox Rothschild, spent 28.00 hours as a trial assistant, preparing and annotating exhibits for the jury. Andrew Kaplan and Patricia Barron, associates at Fox Rothschild performed a combined 21.70 hours of legal

research. Finally, Mr. Kravitz received 33.00 hours of assistance from Sandra Schepelenko, a litigation paralegal.

Defendant contends that Plaintiffs' attorneys' time should be reduced due to several instances of alleged overstaffing. First, Defendant contests Mr. Argiropolous' trial attendance as unnecessary, given that his duties were limited to organizing and preparing exhibits for the jury. Mr. Kravitz acknowledged that a less experienced associate would have been a more appropriate second chair and voluntarily included a credit of $2,800.00 on Mr. Argiropolous' time, which effectively reduced his normal billing rate of $285.00 per hour to $185.00 per hour. Mr. Argiropolous was not the trial counsel nor did he participate in the examination of any witnesses. Instead, his duties were limited to projecting and annotating the exhibits for the jury, a task which could have been performed by Mr. Kravitz's experienced litigation paralegal Sandra Schepelenko. The Court recognizes the need for a trial attorney to be assisted with exhibit preparation and organization, but finds the rate of $185.00 per hour to be unreasonable given the tasks performed. The Court will reduce Mr. Argiropolous' time to the rate of $130.00 per hour, the rate charged for work performed by Ms. Schepelenko.

Defendant also argues that Plaintiffs should not recover for time spent between October 7, 2002 and November 22, 2002 because that time predated the instant litigation. However, the Third Circuit has construed compensable activities to include pre-litigation services in preparation of filing the lawsuit, background research and reading complex cases, and productive attorney discussions. *City of Riverside v. Rivera*, 477 U.S. 561, 573 n.6 (1986); *Maldonado v. Houstoun*, 256 F.3d 181 184-85, 187 (3d. Cir. 2001). Thus, the time spent in 2002 in preparation for litigation is compensable under § 1988.

Lastly, Mr. Kravitz billed his client for the time spent traveling between his office in Princeton, New Jersey and the Courthouse in Newark, New Jersey.  Defendants argue that it is unreasonable for the Court to include such extraordinary travel time in its calculation of the number of hours spent litigating this case.   The Third Circuit held that travel time is compensable as part of an attorneys' fee award under § 1988 in New Jersey.  *See Planned Parenthood*, 297 F.3d at 267 (holding that travel time is compensable in New Jersey because it is the custom in the community to bill the client for such time); *see also Cruz v. Local Union No. 3 of IBEW*, 34 F.3d 1148, 1161 (2d Cir. 1994) (remanding where district court failed to award any attorneys' fee for travel time); *Gares v. Willingboro Township*, Civ. No. 91-4334, 1995 U.S. Dist. LEXIS 3699, at *15-21 (D.N.J. Mar. 20, 1995) (compensating prevailing party's attorney for travel time, but reducing attorney's billing rate by fifty percent).  However, courts have significantly reduced the billing rate where the attorney fails to show that he performed legal work during travel time.  *See Daggett v. Kimmelman*, 617 F. Supp. 1269, 1282 (D.N.J. 1985); *Stair v. Lehigh Valley Carpenters Local Union No. 600*, Civ. Action No. 91-1507, 1994 U.S. Dist. LEXIS 5895, at *7-9 (reducing billing rate by fifty percent for travel time); *Loper v. New York City Police Dep't*, 853 F. Supp. 716 (S.D.N.Y. 1997) (compensating prevailing party's attorney at fifty percent of attorney's billing rate).

In this case, Mr. Kravitz's billing records do not distinguish between travel time and time spent at the Courthouse.  Rather, Mr. Kravitz's billing records state his time with notations such as: "appear for trial; travel to/from same."  It is approximately 43 miles between Newark and Princeton, and therefore the Court estimates a travel time of one hour each way.  Accordingly,

Mr. Kravitz's fourteen court appearances between May 19, 2003 and January 20, 2005 resulted in twenty-eight hours of billed time that was spent traveling.

The next issue is whether Mr. Kravitz is entitled to be compensated at his billing rate of $380.00 per hour for his travel time. Mr. Kravitz does not put forth any evidence that legal work was performed during his time traveling between Princeton and Newark. Because counsel did not perform any legal tasks during his commute, the Court finds that a fifty percent reduction in this rate is appropriate for the 28 hours of travel time. *Loper*, 853 F. Supp. at 722.

Accordingly, the lodestar is:

| Attorney | Reasonable Hours | Rate/Hour | Total |
| --- | --- | --- | --- |
| R. James Kravitz | 202.60 | $380.00 | $76,988.00 |
| R. James Kravitz (travel time) | 28.00 | $190.00 | $5,320.00 |
| Burt Jaffe | 10.70 | $285.00 | $3,156.65 |
| David Restaino | 23.70 | $285.00 | $6,754.50 |
| Anthony Argiropoulos | 28.00 | $130.00 | $3,640.00 |
| Andrew Kaplan | 4.50 | $210.00 | $945.00 |
| Patricia Barron | 17.20 | $165/185.00 | $2,942.00 |
| Sandra Schepelenko | 33.00 | $130.00 | $4,290.00 |
| Total | | | $104,036.15 |

### 5. Adjustments to the Lodestar

The lodestar does not complete the Court's analysis of attorneys' fees under § 1988. In its discretion, the Court may elect to adjust the fee amount upward or downward if a plaintiff has

achieved only partial or limited success. *Hensley*, 461 U.S. at 434-36. Defendant argues that Plaintiffs' attorneys' fees should be reduced in light of Plaintiffs' minimal success in litigation demonstrated by the small monetary damage award of $3,066.00 and the fact that three additional defendants were dismissed from the case before trial.

The district court is obligated to consider the amount of damages awarded as compared to the amount sought. *Farrar*, 506 U.S. at 114; *Hensley*, 461 U.S. at 436. "Such a comparison promotes the court's 'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case.'" *Farrar*, 506 U.S. at 114-15 (*quoting Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989). However, it is impermissible to reduce a fee award based upon a proportionality analysis between the amount of damages awarded and the amount of counsel fees requested. *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1042 (3d Cir. 1996). The district court, in making a downward adjustment for partial success, may "attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436-37. In adjusting attorneys' fees for lack of success, Courts have taken many approaches. *See, e.g., Washington*, 89 F.3d at 1043 (holding that a reduction of attorneys's fees by fifty percent was appropriate where plaintiff requested $750,000.00 in damages and was awarded $25,000.00 by the jury); *Sheffer v. Experian Info. Solutions, Inc.*, 290 F. Supp. 2d 538, 551 (E.D. Pa. 2003) (reducing the fee award by 75% where plaintiff sought $300,000 in damages but was awarded the nominal amount of $1,000); *Hall v. Am. Honda Motor Co.*, Civ Action No. 96-8103, 1997 U.S. Dist. LEXIS, at *11 (E.D. Pa. Nov. 24, 1997) (reducing award by ten percent where plaintiff sought damages in excess of $50,000.00 and received final judgment of $4,000.00).

Here, Plaintiffs claimed several million dollars in damages from lost profits, loss of a mortgage discount and an improper lien. The jury awarded $3,066.00 to Plaintiffs. Coupling the jury's award with the stipulated damages and prejudgment interest, the Court issued a judgment against Defendant in the amount of $15,294.17. The Court also discharged the lien because it had been paid and should have been discharged by Defendant. Although the Court cannot be certain of the basis for the $3,066.00 award, the amount correlates closely with Obed Prinville's testimony that $2,095.00 was erroneously paid to non-tenants. It would be unreasonable for the Court to order attorneys' fees in the full amount sought given the modest result achieved and thus the Court finds that $40,000 is reasonable compensation. *See Farrar*, 506 U.S. at 115; *Riverside*, 477 U.S. at 580.

**6. Costs**

Civil rights litigants who succeed at trial are entitled to reimbursement for the costs connected with litigating the claim where the costs are "incidental and necessary expenses incurred in furnishing effective and competent representation." *Planned Parenthood*, 297 F.3d at 267. Pursuant to 29 U.S.C. § 1920, a bill of costs may be submitted by a prevailing party. The following items may be taxed as "costs":

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees expenses, and costs of special interpretation services under section 1928 of this title.

28 U.S.C. § 1920. Litigation expenses not taxable as costs pursuant to L. Civ. R. 54.1 and 28 U.S.C. § 1920 may be awarded as part of a reasonable attorneys' fee under § 1988. *See* Martin A. Schwartz, Section 1983 Litigation, Vol. 2*, § 8.8 (3d ed. 1997). Section 1988 has been construed to encompass the reimbursement for all reasonable out-of-pocket expenses incurred by the prevailing plaintiff's attorneys during the course of the litigation, these include expenses that are normally charged separately to fee-paying clients. *See Planned Parenthood*, 297 F.2d at 267. The following expenses have been held to be recoverable under 42 U.S.C. § 1988: (1) reproduction expenses; (2) telephone expenses of the attorney; and (3) postage. *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995); *Garner v. Police Officer Lawrence Meoli*, 1998 U.S. Dist. LEXIS 14126, *15-18 (E.D. Pa. Sept. 1, 1998). However, § 1988 does not allow for the recovery of expenses that are a normal part of the office overhead. The Court has substantial discretion in the imposition of costs. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 454 (3d Cir. 2000).

     Plaintiffs seek compensation for $10,316.96 in costs. Defendant's sole argument in opposition to Plaintiffs' request to recover costs is that the $2,777,40 and $1,684.00 in photocopy and telecopier costs "appear[s] to be high." Section 1920 expressly grants the prevailing party fees associated with photocopying and telecopying in preparation of trial. Mr. Kravitz's affidavit attaches detailed billing sheets for all costs incurred during the present litigation and discounts these costs by $976.48 from the rates typically charged to clients of Fox Rothschild. These expenses normally would be charged to the client in the usual course of business and were incurred as a result of the present litigation. Defendant's brief fails to provide evidentiary support for its blanket assertion that the costs are high, either by citing the prevailing New Jersey

14

market rates for copier services or by showing that any of Plaintiffs' copies were unnecessary. Thus, the Court finds that the costs associated with the photocopies and telecopies are reasonable and are supported by sufficiently specific invoices. These costs are compensable, and Plaintiffs' attorney shall be compensated for $10,316.96 in costs.

        9.      **Post Judgment Interest**

The Third Circuit has held that a party awarded fees and expenses is entitled to interest on those fees and expenses, but only from the date on which the fees and expenses are awarded and not as an element of prejudgment interest. *Eaves v. County of Cape May*, 239 F.3d 527, 542 (3d Cir. 2001); *Albertson v. Winner Automotive*, 2004 U.S. Dist. LEXIS 21859 (D. Del. Oct. 27, 2004) (awarding post-judgment interest on attorneys' fees and costs under § 1961(a)). Therefore, post-judgment interest on attorneys' fees and costs in this case would not begin to run until the date of this opinion and the accompanying order, in which the amount of fees owed is quantified. Post-judgment interest is granted from the date of this opinion and order, and is to be calculated by the parties in accordance with 28 U.S.C. § 1961.

**Conclusion**

For the foregoing reasons, Plaintiff's application for attorneys' fees and costs is granted in part and denied in part. Plaintiff will be awarded $40,000.00 in attorneys' fees and $10,316.96 in costs as a prevailing party. An appropriate order will issue.

                                              /s/ Faith S. Hochberg
                                              **HON. FAITH S. HOCHBERG, U.S.D.J.**